**In the Matter of Jacob P. DUNNUCK, Respondent.**

**No. 18S00–1201–DI–2.**

Supreme Court of Indiana.

Nov. 7, 2012.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUM-STANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

BRENT E. DICKSON, Chief Justice.

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** In 2010 and 2011, Respondent kept both client funds and personal funds in his trust account because the Internal Revenue Service had imposed a levy on his personal checking account. On February 20, 2011, he wrote a check on his trust account to the Commission for Continuing Legal Education, which notified the Disciplinary Commission of the improper use of the trust account. On April 21, 2011, Respondent withdrew $3200 from the trust account, apparently believing this amount to be personal funds. This resulted in an overdraft of $22.48, which he covered the day after he was notified of it.

*Aggravating and mitigating facts.* The parties cite the following fact in aggravation: Respondent's actions resulted in delay of the government's collection of taxes. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent was cooperative with the Commission and has retained a certified public accountant to assist him in managing his trust account; and (3) Respondent has served his community by volunteering to represent fellow veterans in criminal cases.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 1.15(a), which prohibits failure to hold property of a client separate from lawyer's own property.

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of six months, beginning January 21, 2013, with 60 days actively served and the remainder stayed subject to completion of at least one year of probation.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent shall complete a continuing legal education course on trust fund management, submit his trust fund to audit by an independent certified public accountant, and submit quarterly audit reports to the Commission.

(2) If Respondent violates his probation, the stayed suspension will be actively served with automatic reinstatement, and additional discipline may be imposed if appropriate for acts in violation of his probation.

Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Notwithstanding the expiration of the minimum term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to a petition to terminate probation filed under Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.